IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82078-TJM |
| | ) | |
| SCOTT D. McFEE, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on May 11, 2009, on a Motion to Allow Amended Proof of Claim filed by creditor Kathy A. Mock (Fil. #69), and an Objection thereto by Debtor (Fil. #77). This hearing was consolidated with a hearing on Debtor's Amended Plan Post Confirmation (Fil. #75), an Objection by Kathy A. Mock (Fil. #76), and an Objection by the Chapter 13 Trustee (Fil. #73), together with a Motion to Avoid Lien filed by Debtor (Fil. #80), and a Resistance by Kathy A. Mock (Fil. #83). Van Schroeder appeared for Debtor, Henry N. Carriger appeared for Kathy A. Mock, and Tom Kenny appeared on behalf of the Chapter 13 Trustee.

Debtor and Ms. Mock entered into a Stipulation of Facts (Fil. #85) with respect to the pending matters. The facts, as laid out in the stipulation, as well as in evidence submitted in connection with prior hearings, are generally undisputed. Some of those undisputed facts are as follows:

1. Debtor and Ms. Mock were previously married. They were divorced on June 14, 2005, by virtue of a decree entered in the District Court of Sarpy County, Nebraska. That divorce decree provided for various judgments against Debtor and in favor of Ms. Mock. Ms. Mock asserts that the amount currently due to her pursuant to the divorce decree is approximately $41,000.00. The amounts due are not domestic support obligations.

2. Debtor subsequently remarried and, on July 16, 2008, he and his new wife closed on their purchase of a residence located at 15420 Cottonwood Street, Omaha, Nebraska.

3. This bankruptcy case was filed on August 18, 2008. Upon filing bankruptcy, Debtor scheduled the home to have a value of $200,000.00 with a purchase-money secured claim against it in the amount of $178,650.00. On Schedule C, Debtor claimed a homestead exemption for the equity above the first mortgage in the amount of $21,350.00. Debtor also claimed other exemptions, including exemptions totaling $4,500.00 in a 2007 Suzuki motorcycle. No timely objections to Debtor's exemptions were filed.

4. Ms. Mock, acting pro se, filed a timely proof of claim as a general unsecured claim in the amount of $40,865.79. She subsequently hired counsel and, on April 1, 2009, filed an amended claim asserting her interest to be secured by Debtor's residence to the extent of his equity.

The amended claim was filed after the claim filing deadline and after Debtor's plan was confirmed in this case. Debtor's plan was confirmed on October 9, 2008 (Fil. #22).[1]

I will first address the Motion to Avoid Lien (Fil. #80). Debtor seeks to avoid Ms. Mock's asserted judgment lien against his residence as impairing his homestead exemption pursuant to 11 U.S.C. § 522(f)(1)(A), which provides as follows:

> Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

Section 523(a)(5) provides for judicial liens with respect to domestic support obligations. The parties here are not arguing that this particular judgment lien constitutes a domestic support obligation. Accordingly, it is presumed to be in the nature of a property settlement. As such, it is not excepted from avoidance under 11 U.S.C. § 522(f)(1)(A).

Ms. Mock's counsel argues that according to a United States Supreme Court decision, a judgment lien cannot be avoided under § 522(f)(1)(A) unless Debtor had an interest in the property at the time the judgment lien came into existence. Specifically, in *Farrey v. Sanderfoot*, 500 U.S. 291, 301, 111 S. Ct. 1825 (1991), the United States Supreme Court stated: "We hold that § 522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." In that case, the debtor was awarded real estate pursuant to a divorce decree and his ex-spouse was awarded a money judgment against him. The Court further found that Congress intended § 522(f)(1) to protect exempt property from a rush to the courthouse to collect debts. *Id.* at 297-298. The United States Supreme Court found that the property interest of the debtor and the judgment lien arose simultaneously (since they both arose out of the judgment itself). Therefore, the interest in the property did not exist before the lien "fixed," and the debtor could not avoid the lien. *Id.* at 301.

Counsel for Ms. Mock then cites to Nebraska law for the proposition that Ms. Mock's judgment lien attached to Debtor's residence at the instant Debtor obtained his ownership interest in his residence. *See Hein v. W.T. Rawleigh Co.*, 167 Neb. 176, 190, 92 N.W.2d 185, 193 ("Real property purchased by a judgment debtor subsequent to the rendition of judgment against him is subject to the lien of such judgment as soon as the title vests in the debtor.") (quoting *Lessert & Steele v. Sieberling & Co.*, 59 Neb. 309, 80 N.W. 900 (1899)).

---

[1] On January 26, 2009, this Court denied Ms. Mock's efforts to revoke the confirmation order and/or to convert this case.

Although Ms. Mock's counsel has accurately stated the rules of law issued by the United States Supreme Court and the Nebraska Supreme Court, the application of those rules does not lead to the result Ms. Mock requests. Ms. Mock's judgment did precede Debtor's purchase of his residence with his current spouse. Since it preceded his purchase of the residence, it became a judgment upon his residence "immediately upon the title thereto vesting in him." Thus, it seems clear that under Nebraska law there are two steps when the judgment exists prior to the acquisition of the property interest. First, the vesting of title in the judgment debtor. Second, and immediately thereafter, the fixing of the judgment lien. This is not the same situation as in the *Farrey* case presented to the United States Supreme Court. There, the lien and the property interest arose out of the same transaction – the divorce decree.

Accordingly, since the foregoing issue was the only challenge Ms. Mock had to the applicability of § 522(f)(1)(A), I find that her judgment can be avoided pursuant to the terms thereof. However, since this is a Chapter 13 proceeding and Debtor is far from completing plan payments and receiving a discharge, it is not appropriate to avoid the lien at this time. The lien shall be avoided if and when Debtor completes plan payments and is entitled to receive a discharge.

In her amended claim, Ms. Mock seeks to have part of her claim allowed as a secured claim to the extent of the equity in the residence. In light of the foregoing finding that her lien can be avoided, her motion to amend the claim in that manner must be denied. Her claim can be treated as unsecured during the course of this Chapter 13 proceeding. However, her amendment also seeks to modify the amount of the claim and Debtor does not appear to object to that portion of the amendment. Therefore, the Motion to Allow Amended Proof of Claim (Fil. #69) should be granted in part to allow the amended claim as a wholly unsecured claim.

Finally, Ms. Mock objects to the amended plan post confirmation. One basis for objection to the plan is that it fails to treat her secured claim. As a result of the foregoing, that objection is overruled. Ms. Mock also objects on a "disposable income" basis because Debtor claimed exemptions in a motorcycle, including a tool-of-trade exemption, despite the fact that Debtor has another vehicle (fully encumbered) that can be used. However, no objections to Debtor's claimed exemptions were filed. Also, a plan has been confirmed and Debtor is only seeking amendment to address a tax claim. It is too late for Ms. Mock to raise the disposable income issue.

The Chapter 13 Trustee's objection to the amended plan post confirmation was based only on the fact that the plan would be under-funded if Ms. Mock has a valid secured claim. As a result of the foregoing ruling, the Chapter 13 Trustee's objection is overruled.

IT IS, THEREFORE, ORDERED as follows:

1. The Motion to Avoid Lien filed by Debtor (Fil. #80) is granted. However, the lien shall remain in place until such time as Debtor completes plan payments and is entitled to a discharge;

  2. The Motion to Allow Amended Proof of Claim (Fil. #69) is granted in part for the sole purpose of allowing the amended claim as a wholly unsecured claim; and

  3. The Objection to Plan by Kathy A. Mock (Fil. #76) is overruled as is the objection by the Chapter 13 Trustee (Fil. #73). The First Amended Chapter 13 Plan Post Confirmation (Fil. #75) is approved.

  DATED: May 14, 2009.

            BY THE COURT:

            /s/ Thomas L. Saladino
            Chief Judge

Notice given by the Court to:
 *Van Schroeder
 *Henry N. Carriger
 Tom Kenny/Kathleen Laughlin
 U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.